UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

DAVID TERRELL                                                    COMPLAINT

                                    Plaintiff,                  JURY DEMAND


            -against-


NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1, as Editor,
NBCUniversal Media, LLC - NBC 4 New York; SARAH
WALLACE, as Investigative Reporter, NBCUniversal Media,
LLC - NBC 4 New York I-Team; TRIBUNE BROADCASTING,
LLC; JOHN DOE 2, as Editor, Tribune Broadcasting, LLC - PIX11 News;
JAMES FORD, as Reporter, Tribune Broadcasting, LLC - PIX11 News;
JAY DOW, as Reporter, Tribune Broadcasting, LLC - PIX11 News; A
MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3,
as Editor, A MEDIUM CORPORATION d/b/a MEDIUM.COM;
JEFFREY SHAUN KING, as an Independent Writer; BILL DE
BLASIO, as Mayor, City of New York; THE CITY OF NEW YORK;
JAMES P. O'NEILL, as Police Commissioner, Police Department City
of New York; DARCEL A. CLARK, as Bronx District Attorney;
WANDA PEREZ-MALDONADO, as Chief of the Public Integrity
Unit, Office of the District Attorney Bronx County; NWOKORO &
SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO, as Partner,
Nwokoro & Scola, Esquires; JOHN SCOLA, as Partner, as Partner,
Nwokoro & Scola, Esquires; BLACK OPS PRIVATE
INVESTIGATORS, INC.; MANUEL GOMEZ, as President and
Owner, Black Ops Private Investigators, Inc.; LAW CASH, LLC,
each sued in their professional and personal capacities

                                    Defendants
-------------------------------------------------------------------------------x

        The plaintiff DAVID TERRELL by his attorney THE SANDERS FIRM, P.C., filed this

federal complaint against defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH

WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW;

A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN

KING; BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A.

CLARK; WANDA PEREZ-MALDONADO; NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC.

Plaintiff DAVID TERRELL, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of the plaintiff

DAVID TERRELL (hereinafter referred to as "plaintiff") who was and is being deprived of his

constitutional rights as a United States Citizen as a result of defendants' NBCUNIVERSAL

MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC;

JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; BILL DE BLASIO; THE CITY OF

NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK; WANDA PEREZ-MALDONADO;

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH,

LLC'S unlawful conduct.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked to pursuant to 18 U.S.C. § 1965, 28

U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights

secured by:

      a.      The Civil Rights Act of 1866, 42 U.S.C. § 1981;

      b.      The Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.      The Civil Rights Act of 1871, 42 U.S.C. § 1985(3);

      d.      New York State Executive Law § 296;

      e.      New York City Administrative Code § 8-107;

f.    New York State Judiciary Law § 487; and

g.    Defamation and Libel Per Se

2.    The unlawful constitutional practices, violations of plaintiff's civil rights complained of herein were committed throughout the world.

## PROCEDURAL REQUIREMENTS

3.    Plaintiff has filed suit with this Court within applicable statute of limitations.

4.    Plaintiff is not required to exhaust any administrative procedures prior to suit under The Civil Rights Act of 1866, The Civil Rights Act of 1871, New York State Executive Law § 296, New York City Administrative Code § 8-107, New York State Judiciary Law § 487, or Defamation and Libel Per Se.

## PLAINTIFF

5.    Plaintiff DAVID TERRELL is a male citizen of the United States of America, over twenty-one (21) years of age and resident of Westchester County.

## DEFENDANTS

6.    Defendant NBCUNIVERSAL MEDIA, LLC, is registered Foreign Business Corporation in the State of New York a wholly owned subsidiary of Comcast, owns and operates a portfolio of cable networks, broadcast television, filmed entertainment, and a suite of Internet-based businesses distributing published content throughout the world. According to Alexa, the NBC New York website is ranked as follows: Global – 18,978 and US – 3,994. According to SimilarWeb, over the past six months the website received 3.9 million visitors. With respect to the NBC website, according to Alexa, website is ranked as follows: Global – 2,339 and US – 630. According to SimilarWeb, over the past six months the website received 18.71 million visitors.

7.      Defendant JOHN DOE 1, as Editor, NBCUNIVERSAL MEDIA, LLC – NBC 4 New York, whose primary responsibilities include: deciding which news stories to cover, assigning reporters to cover the news, checking the reporter's story for accuracy and fairness and writing the headlines.

8.      Defendant SARAH WALLACE, as Investigative Reporter, NBCUNIVERSAL MEDIA, LLC – NBC 4 New York.

9.      Defendant TRIBUNE BROADCASTING COMPANY, LLC, is a registered Foreign Business Corporation in the State of New York which owns or operates 42 local television stations including PIX11 distributing published content throughout the world. According to Alexa, the Tribune Media website is ranked as follows: Global – 110,489 and US – 33,789. According to SimilarWeb, over the past six months the website received 236,900 visitors. With respect to the PIX11 website, according to Alexa, website is ranked as follows: Global – 35,247 and US – 6956. According to SimilarWeb, over the past six months the website received 2.30 million visitors.

10.     Defendant JOHN DOE 2, as Editor, Tribune Broadcasting, LLC - PIX11, whose primary responsibilities include: deciding which news stories to cover, assigning reporters to cover the news, checking the reporter's story for accuracy and fairness and writing the headlines.

11.     Defendant JAMES FORD, as Reporter, Tribune Broadcasting, LLC - PIX11.

12.     Defendant JAY DOW, as Reporter, Tribune Broadcasting, LLC- PIX11.

13.     Defendant A MEDIUM CORPORATION d/b/a Medium.Com, is a registered Domestic Corporation in the State of Delaware a wholly owned subsidiary of Obvious Ventures, operates an online publishing platform distributing content throughout the world. According to Alexa, the Medium.Com website is ranked as follows: Global – 269 and US – 136. According to

SimilarWeb, over the past six months the website received 182.18 million visitors.

14.     Defendant JOHN DOE 3, as Editor, A Medium Corporation d/b/a Medium.Com, whose primary responsibilities include: deciding which news stories to cover, assigning reporters to cover the news, checking the reporter's story for accuracy and fairness and writing the headlines.

15.     Defendant JEFFREY SHAUN KING, as Independent Writer.

16.     Defendant BILL DE BLASIO, as Mayor, City of New York.

17.     Defendant THE CITY OF NEW YORK, plaintiff's employer.

18.     Defendant JAMES P. O'NEILL, as Police Commissioner, Police Department City of New York.

19.     Defendant DARCEL A. CLARK, as District Attorney, Office of the District Attorney, Bronx County.

20.     Defendant WANDA PEREZ-MALDONADO, as Chief of the Public Integrity Unit, Office of the District Attorney, Bronx County.

21.     Defendant NWOKORO & SCOLA, ESQUIRES, is a New York based law firm.

22.     Defendant CHUKWUEMEKA NWOKORO, as Partner, defendant NWOKORO & SCOLA, ESQUIRES.

23.     Defendant JOHN SCOLA, as Partner, defendant NWOKORO & SCOLA, ESQUIRES

24.     Defendant BLACK OPS PRIVATE INVESTIGATORS, INC., is a registered Domestic Business Corporation in the State of New York, provider of investigative services.

25.     Defendant MANUEL GOMEZ, as President and Owner, defendant BLACK OPS PRIVATE INVESTIGATORS, INC.

26.     Defendant LAW CASH, LLC, is a registered Domestic Limited Liability Company in the State of New York, providing pre-settlement plaintiff litigation financing advances and post-settlement funding for plaintiffs and attorneys.

## BACKGROUND

27.     Plaintiff is an African-American Male.

28.     Plaintiff alleges since his appointment to the Police Department City of New York on July 1, 2002, he has accumulated more than one-thousand (1,000) arrests while assigned to the 77th and 42nd Precincts.

29.     Plaintiff alleges that based upon the training imposed by defendant THE CITY OF NEW YORK and experience, he developed an interest in suppressing crimes involving gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew that de-stabilize communities of color using larcenies, assaults, drug and firearm trafficking as an income source and tools of terror.

30.     Plaintiff alleges that approximately three (3) years ago while assigned to the 42nd Precinct, consistent with his career goals, defendant THE CITY OF NEW YORK changed his assignment to perform as one of the Field Intelligence Officer(s) (FIO).

31.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK are fully aware this sort of assignment is particularly dangerous and a legal minefield.

32.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK are fully aware gang members, their families and members of the community that benefit from gang-related criminal enterprises such

as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew routinely disrupt criminal investigations targeting members of the service with 'false' allegations of police misconduct.

33.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK rarely if ever, refer investigations of gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew to the New York State Attorney General or the United States Attorney's Office for criminal and/or civil prosecution.

34.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK rarely if ever, refer civil litigation including Racketeering Influenced and Corrupt Organization Act or other related civil claims to the New York City Law Department designed to disgorge unjust enrichment from gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew and co-conspirators defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC.

35.     Plaintiff alleges defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK are fully aware gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, their families and other stakeholders that benefit from their crimes, use 'unscrupulous' businesses such as defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS

PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC to file and

finance 'frivolous' civil rights lawsuits against he, the taxpayers and other stakeholders designed

to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

36.     Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC are part of this ever

expanding 'Cottage Industry.'

37.     Plaintiff alleges that gang-related criminal enterprises such as The Hill Top Crew,

The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash

Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

litigation actions involving the NYPD and other city agencies have cost he, the taxpayers and

other stakeholders more than One (1) Billion Dollars over the past ten (10) years.

38.     Plaintiff alleges that to the detriment of he, the taxpayers and other stakeholders,

defendants' BILL DE BLASIO; THE CITY OF NEW YORK and JAMES P. O'NEILL don't'

offer extra-legal job protections or individual conflict free legal counsel (See Dunton v. County

of Suffolk, et al. 580 F. Supp. 974 E.D.N.Y. 1983 and S. Rodick, The Attorney/Client

Relationship and 42 U.S.C. § 1983: The Impact of Owen v. City of Independence, 14 John

Marshall L.Rev. 285 (1981)).

39.     Plaintiff alleges that to the detriment of he, the taxpayers and other stakeholders,

defendants' BILL DE BLASIO; THE CITY OF NEW YORK and JAMES P. O'NEILL choose

to protect their political interests over the legal interests of he, the taxpayers and other stakeholders.

40. Plaintiff alleges that to the detriment of he, the taxpayers and other stakeholders, defendants' BILL DE BLASIO; THE CITY OF NEW YORK and JAMES P. O'NEILL'S policies often leads to gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC to recover 'bogus' legal fees, modest settlements and other remedies from them.

41. Plaintiff alleges that as a Field Intelligence Officer (FIO), based upon his training imposed by defendant THE CITY OF NEW YORK and department mandates, he is required to lawfully gather intelligence regarding gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew that de-stabilize communities of color using larcenies, assaults, drug and firearm trafficking within the boundaries of the 42nd Precinct.

42. Plaintiff alleges that defendant THE CITY OF NEW YORK trained him to utilize all available legal investigative techniques however unorthodox, to develop such criminal intelligence including personally interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

43. Plaintiff alleges that defendant THE CITY OF NEW YORK and JAMES P. O'NEILL have certified him as a gang expert.

44.     Plaintiff alleges that within the scope of his employment, he has testified for defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK more than fifteen (15) times before Grand Juries, Criminal Court and Supreme Court within Bronx County.

45.     Plaintiff alleges that in or around February 2015, WABC terminated defendant SARAH WALLACE for her 'reporting' about the People State of New York v. Archie Cosey.

46.     Plaintiff alleges that in 1998, Archie Cosey pleaded guilty in the murder of James Williams in 1993 and sentenced to 25 years to life on murder and conspiracy charges.

47.     Plaintiff alleges that defendant SARAH WALLACE 'claimed' to have uncovered evidence that could overturn Archie Cosey's conviction.

48.     Plaintiff alleges that in or around April 2015, while assigned to the 42nd Precinct as an FIO, in conjunction with defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK his most successful long-term criminal intelligence investigation led to the take down of gang-related criminal enterprise The Lyman Place Crew (LPC).

49.     Plaintiff alleges that the gang-related criminal enterprise The Lyman Place Crew (LPC) operated within the community using social media platforms to plan their reign of terror.

50.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK considered the takedown of gang-related criminal enterprise The Lyman Place Crew (LPC) one of the largest in the history of the South Bronx with defendant DARCEL A. CLARK filing a fifty-seven (57) count Felony indictment against fifteen (15) of the 'crew' members including Mr. Anthony Floyd.

51.     Plaintiff alleges that based upon a confidential investigation, he, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK determined The Lyman

Place Crew (LPC) is directly affiliated with gang-related criminal enterprise The Hill Top Crew, led by Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

52.     Plaintiff alleges that he, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK determined gang-related criminal enterprise The Hill Top Crew consists of eighteen (18) members including Mr. Angelo Cotto.

53.     Plaintiff alleges that he, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK determined gang-related criminal enterprise The Hill Top Gang is in direct conflict with gang-related criminal enterprises known as The Wash Side Crew and the B-Road Crew.

54.     Plaintiff alleges that he, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK determined these gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew are fighting for control of the crime trade, committing larcenies, assaults, drug and firearm trafficking in and around Franklin Avenue from East 169 Street to Crotona Park South.

55.     Plaintiff alleges that he, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK determined long term investigations of gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew were developed using eyewitnesses, surveillance, online social media aliases and other legal investigative techniques.

56.     Plaintiff alleges that in or around June 2015, defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL promoted him to Detective Specialist instead of promoting him

to Detective Third Grade.

57.     Plaintiff alleges that the position of Detective Specialist is analogous to a merit raise without enhanced investigative career opportunities in the Detective Bureau.

58.     Plaintiff alleges defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL uses the Detective Specialist position to unlawfully deny African-Americans and other persons of color a 'fair opportunity' to compete for enhanced investigative career opportunities such as Detective Third, Second and First in the Detective and other investigative bureaus.

59.     Plaintiff alleges that with such detective designations, the compensation and other benefits are enhanced consistent with that of a police lieutenant.

60.     Plaintiff alleges that in addition, such detective designations increase employment and other business opportunities outside of the police department.

61.     Plaintiff alleges that upon information and belief, defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL promote similarly situated Caucasian officers to Detective Third, Second or First Grade, then transfer them to the Detective Bureau or other investigative bureau.

62.     Plaintiff alleges that on or about August 11, 2015, defendant NBCUNIVERSAL MEDIA, LLC announced the hiring of defendant SARAH WALLACE to its NBC 4 New York I-Team.

63.     Plaintiff alleges that defendant NBCUNIVERSAL MEDIA, LLC promotes its I-Team to the public as an award-winning team of reporters that know cops and how they operate.

64.     Plaintiff alleges that defendant NBCUNIVERSAL MEDIA, LLC promotes its I-Team to the public that it tracks politicians and act as your consumer watchdog.

65.     Plaintiff alleges that defendant NBCUNIVERSAL MEDIA, LLC promotes its I-

Team to the public that it exposes fraud and follow the money.

66.     Plaintiff alleges that defendant NBCUNIVERSAL MEDIA, LLC'S I-Team does nothing of the sort.

67.     Plaintiff alleges that defendant NBCUNIVERSAL MEDIA, LLC actually publishes 'false' 'reckless' and 'malicious' stories about police corruption promoting its anti-cop liberal agenda for its own financial and pecuniary interests.

68.     Plaintiff alleges that on or about September 2, 2015, defendant SARAH WALLACE began employment with defendant NBCUNIVERSAL MEDIA, LLC'S NBC 4 New York I-Team.

69.     Plaintiff alleges that after the takedown of gang-related criminal enterprise The Lyman Place Crew (LPC), other gang-related criminal enterprises such as B-Road Goons, Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew including The Hill Top Crew led by Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez began a campaign of filing 'false' allegations of corruption and 'frivolous' civil rights lawsuits against he, Detective Daniel Brady (Caucasian Male), Sergeant Adrian Uruci (Caucasian Male), other members of the 42nd Precinct and the Bronx District Attorney's Office.

70.     Plaintiff alleges that based upon confidential investigations, defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew the allegations of criminal and serious misconduct against he, Detective Daniel Brady, Sergeant Adrian Uruci, other members of the 42nd Precinct and the Bronx District Attorney's Office were 'false' but, did nothing to protect him due to his race.

71.     Plaintiff alleges that although defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew the allegations of criminal

and serious misconduct against he, Detective Daniel Brady, Sergeant Adrian Uruci, other members of the 42nd Precinct and the Bronx District Attorney's Office were 'false' they did nothing to communicate that to the public through the media due to his race.

72.     Plaintiff alleges that based upon confidential investigations, defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew he never arrested The Hill Top Crew leader Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez but, did nothing to communicate that to the public through the media due to this race.

73.     Plaintiff alleges that based upon confidential investigations, defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew Detectives Daniel Brady and David Dryer (Caucasian Male) arrested The Hill Top Crew leader Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez but, did not communicate that to the public through the media due to his race.

74.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK chose to protect the public image, professional reputation, financial and pecuniary interests of the Caucasian employees over his interests due to his race.

75.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK and JAMES P. O'NEILL never changed Detectives Daniel Brady and David Dreyer or Sergeant Uruci's duty status due to their race.

76.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK failed to protect his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

77.     Plaintiff alleges that in a scheme to defraud he, the taxpayers and other stakeholders, sometime in late 2016, gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC began their campaign to recover 'bogus' legal fees, modest settlements and other remedies from them aka 'Clean Money Crime.'

78.     Plaintiff alleges that gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC began their 'Clean Money Crime' campaign using defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING to intentionally communicate completely 'false,' 'reckless' and 'malicious' about him to the public.

79.     Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING were willing participants in the gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The

Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign for their own financial and pecuniary interests.

80.     Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING engaged in a 'malicious,' 'reckless' disregard for the truth shamelessly promoting the gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'false' allegations to the public when official records and other 'objective' credible evidence would've exposed their scheme to defraud he, the taxpayers and other stakeholder.

81.     Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING and other media use these 'false' stories about him as 'clickbait' due to his race.

82.     Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING and other media overall goals were to use 'false' 'clickbait' stories about him to

increase its readership, advertising revenue and other pecuniary gains due to his race.

83.    Plaintiff alleges that sometime in late 2016, gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC commenced 'false' legal public filings seeking damages through the New York City Comptroller's Office, Bronx Supreme Court and United States District Court for the Southern District of New York.

84.    Plaintiff alleges that gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC, members of this 'Cottage Industry' public strategies are to use defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING and other media to influence potential jurors apathetic views towards police misconduct.

85.    Plaintiff alleges that in the event gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew, and 'unscrupulous' businesses such as defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC file a civil action, increase the likelihood their 'members' recover bogus legal fees,

settlements from he, the taxpayers and other stakeholders.

86.     Plaintiff alleges that on or about November 7, 2016, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' federal complaint on behalf of Mr. Angelo Cotto member

of the gang-related criminal enterprise The Hill Top Crew in the United States District Court for

the Southern District of New York, Docket No.: 16 cv 8651 in violation of Rule 11 of the

Federal Rules of Civil Procedure.

87.     Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' federal complaint on behalf of Mr. Angelo Cotto is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and

other remedies aka 'Clean Money Crimes.'

88.     Plaintiff alleges that official department records including the Activity Log and

CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES

P. O'NEILL supports that he was on his Regular Day Off (RDO) and therefore, not present for

all of these 'false' assertions filed in the federal complaint filed by defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of

defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC on behalf of Mr. Angelo Cotto.

89.     Plaintiff alleges that on or about November 8, 2016, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous; federal complaint on behalf of Mr. Anthony Floyd member

of the gang-related criminal enterprise The Lyman Place Crew (LPC) in the United States

District Court for the Southern District of New York, Docket No.: 16 cv 8655 in violation of

Rule 11 of the Federal Rules of Civil Procedure.

90.     Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' federal complaint on behalf of Mr. Anthony Floyd is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and

other remedies aka 'Clean Money Crimes.'

91.     Plaintiff alleges that official department records including the Activity Log, arrest

records, court summons and other records maintained by defendants' THE CITY OF NEW

YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr.

Anthony Floyd and therefore, not present for all of the 'false' assertions filed in the federal

complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA

NWOKORO; JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr.

Anthony Floyd.

92.     Plaintiff alleges on or about November 28, 2016, defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

published a 'false' 'reckless' and 'malicious' news story about him entitled: NYPD detective

caught on camera allegedly gambling to set suspect free.

93.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "his conduct may indicate a much larger pattern of

abuse."

94.     Plaintiff alleges that the so-called 'gambling' incident, wasn't 'gambling' as there

were no monies exchanged.

95.     Plaintiff alleges that the so-called 'gambling' incident is not in violation of any

department policy and consistent with his imposed training by defendant THE CITY OF NEW

YORK to utilize all legal investigative techniques however unorthodox, to develop such criminal

intelligence including personally interacting with gang-related criminal enterprises such as The

Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The

Little Wash Side Crew and The 20 Block Crew.

96.     Plaintiff alleges that the so-called 'gambling' incident was designed to develop

criminal intelligence while interacting with gang-related criminal enterprises such as The Hill

Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The

Little Wash Side Crew and The 20 Block Crew.

97.     Plaintiff alleges that at the time, he had already placed Mr. Kenny Shenery under

arrest based upon an 'active' open warrant returnable to the Bronx Criminal Court.

98.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public "there are 12 lawsuits pending against Terrell related to the wrongful arrests for a variety of crimes, including homicide and attempted homicide."

99.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public "last August, the reason Hernandez (Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez), who is now considered an adult under the law, was at the facility in the first place was that he was under arrest at the time in a case handled by Terrell."

100.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "But now, the craps-shooting detective has arrested Hernandez again. This time, it's for a shooting."

101.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "however, because the detective who was caught on

camera committing a number of crimes has accused Hernandez of carrying out the shooting,

Hernandez is in jail on Rikers Island, unable to post $250,000 bail"

102.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "He's (Terrell) actually terrorizing the community,

still. We get multiple calls about Hernandez and the NYPD still haven't done anything."

103.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

104.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

105.    Plaintiff alleges on or about December 5, 2016, defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: I-Team: NYPD Detective Caught on Camera Rolling Dice Stripped of Badge, Gun: NYPD.

106.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "was he 'gambling' for a young man's freedom."

107.    Plaintiff alleges that the so-called 'gambling' incident, wasn't 'gambling' as there were no monies exchanged.

108.    Plaintiff alleges that the so-called 'gambling' incident is not in violation of any department policy and consistent with his imposed training by defendant THE CITY OF NEW YORK to utilize all legal investigative techniques however unorthodox, to develop such criminal intelligence including personally interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

109.    Plaintiff alleges that the so-called 'gambling' incident was designed to develop

criminal intelligence while interacting with gang-related criminal enterprises such as The Hill

Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The

Little Wash Side Crew and The 20 Block Crew.

110.    Plaintiff alleges that at the time, he had already placed Mr. Kenny Shenery under

arrest based upon an 'active' open warrant returnable to the Bronx Criminal Court.

111.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

112.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' NBCUNIVERSAL

MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

113.    Plaintiff alleges on or about December 8, 2016, defendants' NBCUNIVERSAL

MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: I-Team: NYC Settles Suit Alleging Police Brutality for $614k.

114.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public that the 'City settled the case involving Jateik and Schuan Reed against him.'

115.    Plaintiff alleges that Mr. Jateik Reed broke an officers nose while he was being placed under arrest for purchasing drugs.

116.    Plaintiff alleges that prior to his arrival at the scene, several police officers assigned to the Street Narcotics Enforcement Unit aka SNEU used physical force against Mr. Jateik Reed.

117.    Plaintiff alleges that other than transporting Mr. Jateik Reed to the stationhouse, he had no other personal involvement with him.

118.    Plaintiff alleges that the NYPD Internal Affairs Bureau determined Mr. Jateik Reed wasn't assaulted by him or anyone else inside of the van.

119.    Plaintiff alleges he wasn't disciplined because he violated no department policies.

120.    Plaintiff alleges that he was indemnified by defendant THE CITY OF NEW YORK because he violated no department policies.

121.    Plaintiff alleges that defendant THE CITY OF NEW YORK settled Mr. Jateik Reed's without consulting with him.

122.   Plaintiff alleges that he didn't have to contribute any personal monies towards Mr. Jateik Reed's settlement.

123.   Plaintiff alleges that he had no personal contact with Ms. Schuan Reed, the mother of Mr. Jateik Reed.

124.   Plaintiff alleges that the so-called 'gambling' incident is not in violation of any department policy and consistent with his imposed training by defendant THE CITY OF NEW YORK to utilize all legal investigative techniques however unorthodox, to develop such criminal intelligence including personally interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

125.   Plaintiff alleges that the so-called 'gambling' incident was designed to develop criminal intelligence while interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

126.   Plaintiff alleges that at the time, he had already placed Mr. Kenny Shenery under arrest based upon an 'active' open warrant returnable to the Bronx Criminal Court.

127.   Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE 'falsely' 'recklessly' and 'maliciously' communicated to the public in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damaged his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

128.    Plaintiff alleges that defendants' THE CITY OF NEW YORK; BILL DE

BLASIO; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS

PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

129.    Plaintiff alleges that on or about December 19, 2016, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of

defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC filed a 'frivolous' verified complaint on behalf of Mr. Pedro Hernandez aka Pablo

'BigBank Pablo' Hernandez leader of the gang-related criminal enterprise The Hill Top Crew in

the Supreme Court of the State of New York, County of Bronx, Index No.: 28523/2016E in

violation of 22 New York Codes, Rules and Regulations (NYCRR) 130-1.1 and New York Civil

Practice Law and Rules (CPLR) 8303-a, analogous to Rule 11 of the Federal Rules of Civil

Procedure.

130.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' verified complaint on behalf of Mr. Pedro Hernandez aka Pablo 'BigBank

Pablo' Hernandez is 'false' designed to defraud he, the taxpayers and other stakeholders to

recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

131. Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez and therefore, not present for all of these 'false' assertions in the verified complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

132. Plaintiff alleges that on or about February 14, 2017, Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi filed a 'frivolous; federal complaint on behalf of Mr. Jamel Swinton member of the gang-related criminal enterprise The B-Road Goons in the United States District Court for the Southern District of New York, Docket No.: 17 cv 1137 in violation of Rule 11 of the Federal Rules of Civil Procedure.

133. Plaintiff alleges that Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi when filed, the 'frivolous; federal complaint on behalf of Mr. Jamel Swinton is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka 'Clean Money Crimes.'

134. Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Jamel Swinton and therefore, not present for all of these 'false' assertions in the federal complaint filed by Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi on behalf of Mr. Jamel Swinton.

135.    Plaintiff alleges that on or about April 7, 2017, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' amended federal complaint on behalf of Mr. Angelo Cotto

member of the gang-related criminal enterprise The Hill Top Crew in the United States District

Court for the Southern District of New York, Docket No.: 16 cv 8651 in violation of Rule 11 of

the Federal Rules of Civil Procedure.

136.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous; federal complaint on behalf of Mr. Angelo Cotto is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and

other remedies aka 'Clean Money Crimes.'

137.    Plaintiff alleges that official department records including the Activity Log and

CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES

P. O'NEILL supports that he was on his Regular Day Off (RDO) and therefore, not present for

all of these 'false' assertions filed in the federal complaint filed by defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of

defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC on behalf of Mr. Angelo Cotto.

138.    Plaintiff alleges on or about December 8, 2016, defendants' NBCUNIVERSAL

MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA and

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: I-Team: Man Claims He Was 'Secret Witness,' Says Cops Pressured Him to Lie in Bronx Cases.

139. Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public through self-admitted serial liar, Mr. William 'Black' Stevens member of The Little Wash Side Crew claims Detective David Terrell punched him in the ribs and face, trying to force him to sign papers about Pedro Hernandez."

140. Plaintiff alleges that he never had any personal involvement with Mr. William 'Black" Stevens.

141. Plaintiff alleges that he had no personal involvement with Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

142. Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE 'falsely' 'recklessly' and 'maliciously' communicated to the public in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damage his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

143. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS

PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

144.    Plaintiff alleges that on or about April 14, 2017, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' federal complaint on behalf of Mr. Shawn Nardoni member

of the gang-related criminal enterprise The B-Road Crew in the United States District Court for

the Southern District of New York, Docket No.: 17 cv 2695 in violation of Rule 11 of the

Federal Rules of Civil Procedure.

145.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' federal complaint on behalf of Mr. Shawn Nardoni is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and

other remedies aka "Clean Money Crimes.'

146.    Plaintiff alleges that official department records including the Activity Log and

CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES

P. O'NEILL supports that he had 'no personal involvement' with Mr. Shawn Nardoni and

therefore, not present for all of these 'false' assertions in the federal complaint filed by

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN

SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.;

MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Shawn Nardoni.

147.    Plaintiff alleges that on or about April 14, 2017, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' federal complaint on behalf of Mr. Jerome Roman member

of the gang-related criminal enterprise The Lyman Place Crew (LPC) in the United States

District Court for the Southern District of New York, Docket No.: 17 cv 2697 in violation of

Rule 11 of the Federal Rules of Civil Procedure.

148.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' federal complaint on behalf of Mr. Jerome Roman is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and

other remedies aka "Clean Money Crimes.'

149.    Plaintiff alleges that official department records including the Activity Log and

CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES

P. O'NEILL supports that he had 'no personal involvement' with Mr. Jerome Roman and

therefore, not present for all of these 'false' assertions in the federal complaint filed by

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN

SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.;

MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Jerome Roman.

150.    Plaintiff alleges that on or about May 18, 2017, Angel Cruz of Maldonado &

Cruz, PLLC filed a 'frivolous' federal complaint on behalf of Mr. Ryan Coleman member of an unnamed gang-related criminal enterprise in the United States District Court for the Southern District of New York, Docket No.: 17 cv 3760 in violation of Rule 11 of the Federal Rules of Civil Procedure.

151.    Plaintiff alleges that Angel Cruz of Maldonado & Cruz, PLLC when filed, the 'frivolous' federal complaint on behalf of Mr. Ryan Coleman is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

152.    Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Ryan Coleman and therefore, not present for all of these 'false' assertions filed in the federal complaint filed by Angel Cruz of Maldonado & Cruz, PLLC on behalf of Mr. Ryan Coleman.

153.    Plaintiff alleges on or about July 11, 2017, defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: I-Team: Bronx Teen Chooses to Stay Behind Bars at Rikers Island, Risking College Scholarship, to Clear Name in Shooting.

154.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public that he was involved with the case of Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez, however he had no personal involvement with this arrest.

155.    Plaintiff alleges that the so-called 'gambling' incident is not in violation of any department policy and consistent with his imposed training by defendant THE CITY OF NEW YORK to utilize all legal investigative techniques however unorthodox, to develop such criminal intelligence including personally interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

156.    Plaintiff alleges that the so-called 'gambling' incident was designed to develop criminal intelligence while interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

157.    Plaintiff alleges that at the time, he had already placed Mr. Kenny Shenery under arrest based upon an 'active' open warrant returnable to the Bronx Criminal Court.

158.    Plaintiff alleges that Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1 and SARAH WALLACE 'falsely' 'recklessly' and 'maliciously' communicated to the public in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damage his public image, professional reputation, financial and pecuniary interests

34

for their own pecuniary gain due to his race.

159.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC communicated 'false' information about him to the public but, failed to protect his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

160.    Plaintiff alleges on or about July 12, 2017, defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: Time running out for Bronx teen arrested by accused crooked cop to realize full-ride college dream.

161.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "However, the police officer whose arrest sent him to the facility is the same officer who is now the subject of an extensive internal investigation and removal from duty after he was captured on video violating city law and NYPD procedure."

162.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public "He was gambling over whether or not to release an arrestee in handcuffs in Terrell's squad car."

163.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public "Terrell has been suspended, said private investigator Manuel Gomez. His badge and gun have been confiscated and he's being investigated for criminal wrongdoing on multiple cases."

164.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Just over a year ago, Terrell arrested the Bronx teen in the case of the shooting of another teen that left the victim injured."

165.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "The evidence against Hernandez that Terrell assembled has raised widespread suspicion, particularly by the shooting victim, who has said that

Hernandez is not the shooter. Eight other teens who witnessed the shooting have also said that somebody else committed the crime. The witnesses have said, in video recorded statements, that Terrell threatened them with physical violence if they did not claim to investigators that the shooter is Hernandez."

166.     Plaintiff alleges that the so-called 'gambling' incident, wasn't 'gambling' as there were no monies exchanged.

167.     Plaintiff alleges that the so-called 'gambling' incident is not in violation of any department policy and consistent with his imposed training by defendant THE CITY OF NEW YORK to utilize all legal investigative techniques however unorthodox, to develop such criminal intelligence including personally interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

168.     Plaintiff alleges that the so-called 'gambling' incident was designed to develop criminal intelligence while interacting with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

169.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damaged his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

170. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC communicated 'false' information about him to the public but, failed to protect his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

171. Plaintiff alleges on or about July 21, 2017, defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: 'I appreciate everything': Teen trying to make bail at Rikers to accept full-ride to college speaks out.

172. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely,' 'recklessly' and 'maliciously' communicated to the public "That detective, David Terrell, has been captured on video shooting craps over the fate of another arrestee in Terrell's custody last year, and is currently suspended from street duty and has had his gun and badge suspended amid internal affairs investigations."

173. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Hernandez had been sent to the facility based on a case filed by Detective Terrell."

174. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Gomez said that Terrell and his partner, Detective Daniel Brady, have together pressured young people in many cases to falsely testify against people the two detectives have arrested. In one of their cases, in which Bronx resident Salim Wilson, 25, was arrested for murder, not only were witnesses allegedly coerced, but other evidence compiled by Gomez convinced a judge to drop the case against Wilson completely."

175. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "That didn't happen, however, before Wilson had spent three years in jail awaiting trial for a murder he did not commit. His was one of a variety of cases handled by Terrell and Brady that was ultimately dropped, and for which the NYPD has had to compensate citizens for false arrest."

176. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "In Mr. Pedro Hernandez's case, his family alleges

that Detective Terrell had for years made unwanted sexual advances toward Hernandez's mother

and tried to pressure her into dating him by harassing and arresting her son."

177. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damage his public image, professional reputation, financial and pecuniary interests

for their own pecuniary gain due to his race.

178. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

179. Plaintiff alleges on or about July 25, 2017, defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

published a 'false' 'reckless' and 'malicious' news story about him entitled: Honor student jailed

at Rikers hopes to make bail, as long as donations don't slow down.

180.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "The victim also said that he was detained at length by

detectives after his injuries healed, and that two NYPD investigators in particular, David Terrell

and Daniel Brady, got him to say that Hernandez was the gunman. "I [was] trying to tell him

what he wanted to hear," the victim said in his on-camera statement to Gomez about the

detectives who had questioned him."

181.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damage his public image, professional reputation, financial and pecuniary interests

for their own pecuniary gain due to his race.

182.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

183. Plaintiff alleges that on or about July 26, 2017, The Robert F. Kennedy Human

Rights organization posted bail for Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

Unbeknownst to them, Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez have

committed several other open serious felony crimes along with other gang-related criminal

enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money

and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

184. Plaintiff alleges that on or about July 28, 2017, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' verified complaint on behalf of Mr. Salim Wilson member

of the gang-related criminal enterprise Sex, Money, Murder Crew in the Supreme Court of the

State of New York, County of Bronx, Index No.: 26695/2017E in violation of 22 New York

Codes, Rules and Regulations (NYCRR) 130-1.1 and New York Civil Practice Law and Rules

(CPLR) 8303-a, analogous to Rule 11 of the Federal Rules of Civil Procedure.

185. Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' verified complaint on behalf of Mr. Salim Wilson is 'false' designed to

defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes."

186.    Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Salim Wilson and therefore, not present for all of these 'false' assertions in the verified complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Salim Wilson.

187.    Plaintiff alleges that on or about July 28, 2017, defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC filed a 'frivolous' verified complaint on behalf of now decedent Mr. Julio Velasquez former member of the gang-related criminal enterprise The 20 Black Crew in the Supreme Court of the State of New York, County of Bronx, Index No.: 26966/2017E in violation of 22 New York Codes, Rules and Regulations (NYCRR) 130-1.1 and New York Civil Practice Law and Rules (CPLR) 8303-a, analogous to Rule 11 of the Federal Rules of Civil Procedure.

188.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when filed, the 'frivolous' verified complaint on behalf of now decedent Mr. Julio Velasquez is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes."

189.    Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with now decedent Mr. Julio Velasquez and therefore, not present for all of these 'false' assertions in the verified complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of now decedent Mr. Julio Velasquez.

190.    Plaintiff alleges that on or about July 31, 2017, defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC filed a 'frivolous' federal complaint on behalf of Mr. Kenny Shenery member of an unnamed gang-related criminal enterprise in the United States District Court for the Southern District of New York, Docket No.: 17 cv 5804, in violation of Rule 11 of the Federal Rules of Civil Procedure.

191.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when filed, the 'frivolous' federal complaint on behalf of Mr. Kenny Shenery is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

192.    Plaintiff alleges that official department records including the Activity Log, Arrest records and court records maintained by defendants' THE CITY OF NEW YORK and

JAMES P. O'NEILL supports that he had 'probable cause' to arrest Mr. Kenny Shenery for an 'active' open warrant returnable to the Bronx Criminal Court and therefore, despite knowledge that 'probable cause' is a defense to false arrest and related claims defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Kenny Shenery filed it anyway.

193. Plaintiff alleges on or about August 8, 2017, defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAY DOW with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: South Bronx residents say detective terrorized neighborhood.

194. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAY DOW with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Hernandez has had run-ins with Brady and another NYPD detective David Terrell."

195. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAY DOW with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Private Investigator Manuel Gomez worked on both

cases and says there could be 70 innocent young people on Rikers."

196.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAY DOW in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

197.     Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAY DOW with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

198.     Plaintiff alleges on or about August 8, 2017, defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

published a 'false' 'reckless' and 'malicious' news story about him entitled: Exclusive: New

information emerges in the case of Mr. Pedro Hernandez, teen jailed at Rikers.

199.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "The corruption is not only with detectives [David]

Terrell and [Daniel] Brady, but it's also with the district attorney's office," said private

investigator Manuel Gomez, who interviewed Revel."

200.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely,' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

201.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

202.    Plaintiff alleges that on or about August 9, 2017, defendant DARCEL D. CLARK

using her staff began shifting the narrative from focusing upon the incompetence and unethical

practices in her office that led to a failed prosecution and unprosecuted crimes against Mr. Pedro
Hernandez aka Pablo 'BigBank Pablo' Hernandez and the rest of The Hill Top Crew to an
African-American protagonist, he.

203.     Plaintiff alleges that defendant DARCEL D. CLARK using her staff decided she
would publicly vilify him with veiled threats of a pending 'baseless' criminal investigation
against him.

204.     Plaintiff alleges that defendant DARCEL D. CLARK then used her staff in
particular, defendant WANDA PEREZ-MALDONADO to target his partner Crime Analyst
Crystal Rivera (Puerto-Rican Female). When Crime Analyst Rivera re-buffed their 'racist' and
'unethical' tactics, they began to target her with a 'baseless' criminal investigation.

205.     Plaintiff alleges that Deputy Chief of the Narcotics/Gang Bureau Terry Gensler
(Caucasian Female) boasted, he, Sergeant Andrew Uruci, and the 42 whole Pct. is going down.

206.     Plaintiff alleges that Deputy Chief Gensler said, "David Terrell is a fucking
crooked cop and that is typical because he's 'Black' and Sergeant Uruci is a moron for not
'controlling' Terrell."

207.     Plaintiff alleges on or about August 10, 2017, defendants' TRIBUNE
BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'
NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;
BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC
published a 'false' 'reckless' and 'malicious' news story about him entitled: 'This is more than
just Pedro': Hernandez's mother speaks at protest set up by Women's March Organizer.

208.     Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN
DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Evidence amassed by Hernandez's private investigator, Manuel Gomez, indicates that two detectives, David Terrell and Daniel Brady, worked with an assistant district attorney, David Slott, to initially get victims and witnesses to claim Hernandez attempted to commit murder."

209.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Again, it's not just Pedro," Gomez told PIX11 News. "This now has exposed so many other kids. I've got 50 other kids that are in [Rikers], innocent, that have been incarcerated by this district attorney's office, and by those corrupt detectives. I've got a big battle ahead of me."

210.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damaged his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

211.    Plaintiff alleges that defendants' BILL DE BLASIO: THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

212.    Plaintiff alleges that on or about August 15, 2017, defendants' NWOKORO &

SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance

of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and

LAW CASH, LLC filed a 'frivolous' federal complaint on behalf of Mr. Pedro Hernandez aka

Pablo 'BigBank Pablo' Hernandez member of the gang-related criminal enterprise The Hill Top

Crew in the United States District Court for the Southern District of New York, Docket No.: 17

cv 6170 in violation of Rule 11 of the Federal Rules of Civil Procedure.

213.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when

filed, the 'frivolous' verified complaint on behalf of Mr. Pedro Hernandez aka Pablo 'BigBank

Pablo' Hernandez is 'false' designed to defraud he, the taxpayers and other stakeholders to

recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

214.    Plaintiff alleges that official department records including the Activity Log and

CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES

P. O'NEILL supports that he had 'no personal involvement' with Mr. Pedro Hernandez aka

Pablo 'BigBank Pablo' Hernandez and therefore, not present for all of these 'false' assertions

filed in the federal complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of defendants' BLACK

OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on

behalf of Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

215.    Plaintiff alleges that on or about August 21, 2017, defendants' A MEDIUM

CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the

assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA

NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL

GOMEZ and LAW CASH, LLC communicated to the public, they intended to publish a 5-part

series entitled: Soul Snatchers: How the NYPD'S 42nd Precinct, The Bronx DA'S Office, And

The City of New York Conspired To Destroy Black and Brown Lives.

216.    Plaintiff alleges that earlier that day, while employed as the senior justice writer

with the New York Daily News, defendant JEFFREY SHAUN KING and former co-founder of

Black Lives Matter, tried to pitch the 5-part series but, the pitch was rejected.

217.    Plaintiff alleges that the New York Daily News, its editor, lawyers and other staff

expressed serious reservations about the factual basis of defendant JEFFREY SHAUN KING'S

5-part series.

218.    Plaintiff alleges on or about August 21, 2017, defendants' BILL DE BLASIO;

THE CITY OF NEW YORK; DARCEL A. CLARK and WANDA PEREZ-MALDONADO

with the intent to 'force' Crime Analyst Crystal Rivera to provide 'false' information against

him, opened a 'false' criminal investigation against he and other officers assigned to the 42nd

Precinct.

219.    Plaintiff alleges that, shortly thereafter, defendant WANDA PEREZ-

MALDONADO along with three other lawyers and Detective Investigator Terrence Mulderrig (Caucasian Male) began questioning Crime Analyst Crystal Rivera about her relationships with officers assigned to the 42nd Precinct.

220.    Plaintiff alleges that defendant WANDA PEREZ-MALDONADO even implied Crime Analyst Crystal Rivera had a 'personal relationship' with Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez and The Hill Top Crew.

221.    Plaintiff alleges defendant WANDA PEREZ-MALDONADO'S intense questioning quickly shifted to her personal relationship with him but, Crime Analyst Crystal Rivera ignored the questions related her personal life.

222.    Plaintiff alleges that on or about August 23, 2017, defendant JEFFREY SHAUN KING tweeted, he was leaving the New York Daily News to accept a writer-in-residence at the Harvard University-based Fair Punishment Project focused more on dep investigations into police and prosecutorial conduct…

223.    Plaintiff alleges that upon information and belief, defendant JEFFREY SHAUN KING and the New York Daily News mutually agreed to part ways.

224.    Plaintiff alleges on or about August 23, 2017, defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC published a 'false' 'reckless' and 'malicious' news story about him entitled: Soul Snatchers:: Part Two:: The Bronx Terrorist – Detective David Terrell.

225.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public Detective David

Terrell is a 'Terrorist.'

226.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, an entire article

that's 'false.'

227.    Plaintiff alleges that for the sake of brevity, he will only comment on certain

portions of the 29-page 'false' article.

228.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "David Terrell

is one of the top three worst people I've ever profiled. The other two cops are in prison. Terrell

should join them. It's a crime that he is still on the force and has been allowed to terrorize

thousands of families over the course of his career. His brutality is well-documented. As one of

the most brutal men in the history of the department, his case file is enormous."

229.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Shaun. Let me

show you how much of a terrorist, a menace, a monster Detective David Terrell has been in this

community," said Manuel Gomez."

230.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING consciously chose to not

interview the law-abiding citizens of the areas covered by the 42nd Precinct who are being

terrorized by these gang-related criminal enterprises such as The Hill Top Crew, The Lyman

Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and

The 20 Block Crew.

231.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING know, these crew members, are

the same parties 'falsely' accusing he, other police officers and the Bronx District Attorney's

Office of committing crimes and other outlandish conduct for simply doing their jobs.

232.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "The truth is,

though, that long before Terrell began targeting Pedro and his family, he terrorized people all

over New York."

233.    Plaintiff alleges that he had no personal involvement with Mr. Pedro Hernandez

aka Pablo 'BigBank Pablo' Hernandez, his case or his mother.

234. Plaintiff alleges that he hasn't 'terrorized' people all over New York. Nor is there any such 'credible' evidence to support such outlandish comment.

235. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "What's most troubling about this is that an enormous paper trail of his destruction exists going all the way back to when he entered the force."

236. Plaintiff alleges that there is no such 'enormous' paper trail. Nor is there any such 'credible' evidence to support such outlandish comment.

237. Plaintiff alleges that prior to becoming an FIO at the 42nd Precinct and helping to suppress to controlling gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew his career was uneventful.

238. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "The city has paid out claim after claim on his behalf and currently has hundreds of millions of dollars of lawsuits pending against him."

239.    Plaintiff alleges that the City has not paid out claim after claim on his behalf. Nor is there any 'credible' evidence to support such outlandish comment.

240.    Plaintiff alleges there's never been a finding of liability against him. Nor has he paid any monies for any legal claims where he was named.

241.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Today, we detail the criminal transgressions of Detective David Terrell, of the 42nd Precinct, first and foremost, to bring him to justice."

242.    Plaintiff alleges that meanwhile, there are no criminal transgressions against him filed, past or present. Nor is there any 'credible' evidence to support such outlandish comment.

243.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, as if NYPD Sergeant Edwin Raymond is an authority regarding police conduct.

244.    Plaintiff alleges that, NYPD Sergeant Edwin Raymond part of The Bronx 12, is represented by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA.

245.    Plaintiff alleges that, NYPD Sergeant Edwin Raymond wanted to meet with him

because The Bronx 12 wanted to fire defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA due to their affiliation with defendants'

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

along with gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew,

B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block

Crew.

246.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "What follows

is a cross section of the people Detective David Terrell has brutalized across the years."

247.    Plaintiff alleges that, he hasn't 'brutalized' anyone. Nor is there any 'credible'

evidence' to support such outlandish comment.

248.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "the false arrest

of Peter Thomas February 9, 2005.

249.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' accused him of falsely arresting, beating Mr.

Thomas and demanding he sign a false confession.

250.    Plaintiff alleges that, none of the aforementioned is true.

251.    Plaintiff alleges that on February 9, 2005, he worked as an undercover performing

a Fencing Sting Operation with the NYPD in the 77th Precinct.

252.    Plaintiff alleges at the time, Mr. Peter Thomas was suspected of 'fencing' stolen

property.

253.    Plaintiff alleges that while on the 'set' Mr. Peter Thomas purchased purported

'stolen property' from him.

254.    Plaintiff alleges that, once the transaction was complete, he left the 'set' and never

interacted with Mr. Peter Thomas again.

255.    Plaintiff alleges that Mr. Peter Thomas was arrested and processed by the support

team of officers.

256.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' accused him of falsely arresting, Ms. Tashia

Carter.

257.    Plaintiff alleges that, none of the aforementioned is true.

258.    Plaintiff alleges that on June 13, 2006, while working in the 77th Precinct, he and

his partner were making observations of a Jamaican restaurant, that 'never' served any food. In

other words, the establishment was used 'solely' for the purchase and sale of marihuana to the public.

259.    Plaintiff alleges that his partner arrested Ms. Tashia Carter.

260.    Plaintiff alleges his partner completed the arrest, he never interacted with Ms. Tashia Carter again.

261.    Plaintiff alleges that on February 3, 2009, while inside of the former Spofford Juvenile Detention Center, he intervened in a 15-year old juvenile attempting to assault a civilian staff member.

262.    Plaintiff alleges that when he intervened, the juvenile tried to assault him, so he used physical force to stop her.

263.    Plaintiff alleges that once he used physical force against the juvenile, the management of Spofford took custody of her.

264.    Plaintiff alleges that he filed the appropriate documents with the NYPD and after the witnesses were interviewed, he had no further contact with her.

265.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "The above case is essential—because many families in The Bronx told me that their sons and daughters first started being harassed, threatened, beaten, and arrested by Terrell when he was an officer at a local junior high school."

266.    Plaintiff alleges that, none of the aforementioned is true.

267. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING conveniently didn't interview the law-abiding students, school administrators and other stakeholders that would've have communicated that he and the other police officers stopped these so-called victims from further terrorizing them.

268. Plaintiff alleges that frankly, he still has a great relationship with the law-abiding students, school administrators and other stakeholders. In fact, he assisted several of them with their aspirations to attend college.

269. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Once Terrell begins working out of the 42nd Precinct in The Bronx, his brutality and corruption go to another level."

270. Plaintiff alleges that other than these so-called victims, the law-abiding citizens of the 42nd Precinct aren't claiming he brutalized them. Nor is there any 'credible' evidence to support such outlandish comment that he 'brutalized' these so-called 'victims.'

271. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING conveniently didn't interview the law-abiding citizens in and around the areas controlled by gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

272.    Plaintiff alleges that the law-abiding citizens are too afraid, trapped in fear of these so-called victims.

273.    Plaintiff alleges that not only were there no 'arrest quotas, he and the other police officers did all they could do to legally control these so-called 'victims' gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

274.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Teenagers Angelo & Antonio Cotto Targeted, Harassed, Beaten, and Repeatedly Arrested after their Mother Turns Down Sexual Advances from Detective David Terrell :: January of 2010—November of 2016."

275.    Plaintiff alleges that, none of the aforementioned is true.

276.    Plaintiff alleges that for the sake of brevity, he's never had any personal contact with Ms. Elizabeth Rosado, the mother of Angelo and Antonio Cotto.

277.    Plaintiff alleges that for the sake of brevity, he's never arrested Angelo or Antonio Cotto.

278.    Plaintiff alleges there is no 'credible' evidence to support such outlandish comments.

279.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING conveniently didn't check NYPD

or court records, that would've easily established these facts.

280. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "On March 15, 2100, Detective David Terrell came after her (Ms. Charmaine Dixon), grabbed her in a bear hug, and slammed her full force onto the sidewalk, where his slam badly injured her back and head."

281. Plaintiff alleges that, none of the aforementioned is true.

282. Plaintiff alleges that for the sake of brevity, in fact, during the course of her pending federal lawsuit, she never produced medical records to support any assault.

283. Plaintiff alleges that he's never had any personal contact with Ms. Charmaine Dixon.

284. Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "On January 26, 2012, in their official reports, based on evidence falsified by Officer Terrell, police stated that Jateik possessed both crack cocaine and marijuana at the time of his arrest."

285. Plaintiff alleges that he didn't prepare any police reports related to Mr. Jateik Reed about the possession of both crack cocaine and marijuana.

286. Plaintiff alleges that Mr. Jateik Reed broke an officers nose while he was being

placed under arrest for purchasing drugs.

287.    Plaintiff alleges that prior to his arrival at the scene, several police officers

assigned to the Street Narcotics Enforcement Unit aka SNEU used physical force against Mr.

Jateik Reed.

288.    Plaintiff alleges that other than transporting Mr. Jateik Reed to the stationhouse,

he had no other personal involvement with him.

289.    Plaintiff alleges that the NYPD Internal Affairs Bureau determined Mr. Jateik

Reed wasn't assaulted by him or anyone else inside of the van.

290.    Plaintiff alleges he wasn't disciplined because he violated no department policies.

291.    Plaintiff alleges that he was indemnified by defendant THE CITY OF NEW

YORK because he violated no department policies.

292.    Plaintiff alleges that defendant THE CITY OF NEW YORK settled Mr. Jateik

Reed's without consulting with him or making a motion to dismiss the case against him.

293.    Plaintiff alleges that he didn't have to contribute any personal monies towards Mr.

Jateik Reed's settlement.

294.    Plaintiff alleges that he had no personal contact with Ms. Schuan Reed, the

mother of Mr. Jateik Reed.

295.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Promoted to

detective, the illegal arrests, corruption, and extreme brutality from now Detective David Terrell,

who was shockingly given a promotion by his supervisors, begin to completely spiral out of

control. What I will detail next is not simply poor policing, it's a criminal conspiracy to destroy

the lives of dozens of families in The Bronx. In order for such a system to exist, scores of

officers within the 42nd Precinct and teams of attorneys inside of the Bronx DA's Office had to

not only be fully aware, but had to participate to pull it off."

296.    Plaintiff alleges that, none of the aforementioned is true.

297.    Plaintiff alleges that for the sake of brevity, in fact, he never had any personal

involvement with Mr. Jerome Roman.

298.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "That image

above was taken of Anthony Floyd as he left the 42nd Precinct. He had been arrested by

Detective David Terrell for no reason other than to interrogate him about crimes and guns and

people he knew nothing of. When Floyd told him that he didn't know anything, Terrell replied,

"Shut up or I will break your face." Detective Terrell then did just that and began pummeling

Anthony Floyd's face with his fists. Two other police officers in white shirts joined in. Detective

David Terrell continued the beating until Anthony Floyd was barely conscious and unable to

move. Seeing just how badly he injured Floyd, Terrell panicked and simply told him he was free

to leave and let him go. Anthony Floyd left the 42nd Precinct with a fractured orbital bone, a

broken nose, and trauma to his eyes, ears, teeth, lips, and nasal passages. This heinous assault

was done in full view of staff and other arrestees."

299.    Plaintiff alleges that, none of the aforementioned is true.

300.    Plaintiff alleges that for the sake of brevity, in fact, he never had any personal involvement with Mr. Anthony Floyd.

301.    Plaintiff alleges during the pending federal lawsuit, Mr. Anthony Floyd couldn't produce any medicals to support that he was in fact assaulted.

302.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "Salim Wilson & Julio Velasquez Falsely Arrested by Detectives David Terrell and Daniel Brady and Charged With a Murder They Did Not Commit—Spending Three Hard Years at Rikers :: February 11th, 2014—December 5th, 2016.

303.    Plaintiff alleges that, none of the aforementioned is true.

304.    Plaintiff alleges that he never arrested Mr. Salim Wilson or decedent Mr. Julio Velasquez.

305.    Plaintiff alleges that he never worked with Detective Daniel Brady.

306.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "Since the original publication of this article, Julio Velasquez was brutally murdered in The Bronx. His

lawsuit against the NYPD was still pending."

307.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC fails to mention, there's strong video evidence to suggest Mr. Salim Wilson killed

his former best friend decedent Julio Velasquez over monies obtained from defendant LAW

CASH, LLC.

308.    Plaintiff alleges that defendants' A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of

defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public, "On June 1,

2016, Detective David Terrell rushed Coleman, roughed him up and arrested him."

309.    Plaintiff alleges that, none of the aforementioned is true.

310.    Plaintiff alleges that he never assaulted Mr. Ryan Coleman.

311.    Plaintiff alleges that he never worked with Detective Daniel Brady.

312.    Plaintiff alleges that on or about August 23, 2017, he filed a Notice of Claim with

the New York City Comptroller's Office against defendants' BILL DE BLASIO; THE CITY OF

NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK alleging their failure to protect

he, the taxpayers and other stakeholders against defendants' NBCUNIVERSAL MEDIA, LLC;

JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2;

JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE

3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA

NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL

GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers

and other stakeholders 'falsely' 'recklessly' and 'maliciously' damaging his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

313.    Plaintiff alleges that on or about August 24, 2017, he asserted his First

Amendment right to complain through the media granting an interview to the New York Post

and other media outlets about defendants' BILL DE BLASIO; THE CITY OF NEW YORK;

JAMES P. O'NEILL and DARCEL A. CLARK'S failure to protect him from the 'Clean Money

Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaging his public image, professional reputation, financial and pecuniary

interests.

314.    Plaintiff alleges that on or about August 24, 2017, despite his very public

comments rebutting all of the 'false' 'reckless' and 'malicious' published about him, defendants'

NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE

BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM

CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING;

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC,

never retracted their 'false' assertions against him.

315.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC valued their own financial and pecuniary interests over his due to his race.

316.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC valued their own financial and pecuniary interests promoting 'fake news' 'clickbait'

stories to promote their liberal anti-cop agenda.

317.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC had no concern whatsoever if their liberal anti-cop agenda caused him to be hurt,

killed, arrested, suspended, terminated including loss of his pension rights due to his race.

318.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK never publicly supported him although

they knew defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE;

TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM

CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING;

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'fake news' 'clickbait' stories promoting their liberal anti-cop agenda was 'false' due to his race.

319.  Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK had no concern whatsoever if their failure to publicly support him against defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC resulted in him being hurt, killed, arrested, suspended, terminated including loss of his pension rights due to his race.

320.  Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK cared more about their public image, political future and future prospects than his public and professional image, reputation, pension rights and future opportunities due to his race.

321.  Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE NVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC never withdraw the pending notices of claims, state and federal lawsuits filed against him although they know, there was no 'credible' evidence to sue him.

322.  Plaintiff alleges that on or about August 25, 2017, he sent a direct message via

Twitter through counsel to defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING notifying them, he filed a notice of claim and the allegations against him are 'false.'

323.   Plaintiff alleges that he also warned, don't publish Part 3 of the Soul Snatchers Series.

324.   Plaintiff alleges that despite his admonitions, on or about August 28, 2017, defendants' A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY SHAUN KING with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public Part 3 entitled: Soul Snatcher: Countering the State Sponsored Conspiracy to Destroy Pedro Hernandez.

325.    Plaintiff alleges for the sake of brevity, the entire 47-page article is 'false.'

326.   Plaintiff alleges he never had any personal involvement with Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez, his case or his mother Ms. Jessica Perez.

327.   Plaintiff alleges on or about August 28, 2017, Crime Analyst Crystal Rivera met with defendant WANDA PEREZ-MALDONADO and Detective Investigator Terrence Mulderrig.

328.   Plaintiff alleges that Crime Analyst Crystal Rivera noticed a notepad with her name written on it along with her cellphone records.

329.   Plaintiff alleges that defendant WANDA PEREZ-MALDONADO told Crime Analyst Crystal Rivera, "we have a problem."

330.   Plaintiff alleges that defendant WANDA PEREZ-MALDONADO told her, Crime

Analyst Crystal Rivera lied and needs a lawyer.

331. Plaintiff alleges that on or August 30, 2017, defendant WANDA PEREZ-MALDONADO asked Crime Analyst Crystal Rivera if any employees knew about her personal relationship with him.

332. Plaintiff alleges that shortly thereafter, Deputy Administrative Chief, Human Resources Bureau Arthur B. Simmons, informed Crime Analyst Crystal Rivera, effective immediately, she is being suspended with pay pending the outcome of the criminal investigation.

333. Plaintiff alleges that in an elaborate ruse to perpetuate a fraud upon the public to cover up the incompetence, serious misconduct and unethical practices of the Office of the Bronx District Attorney, defendants' DARCEL D. CLARK and WANDA PEREZ-MALDONADO 'falsely' claimed to have started an investigation into the law enforcement practices of the 42nd Precinct.

334. Plaintiff alleges that on or about September 5, 2017, defendant THE CITY OF NEW YORK through the Civilian Complaint Review Board determined the allegations filed against him by Mr. Angelo Cotto and Ms. Elizabeth Rosado are 'Unfounded' but, defendant JAMES P. O'NEILL did not restore him to Full Duty status, promote him to Detective First Grade or transfer him to the Detective Bureau as he did for Detective Brady and Sergeant Uruci.

335. Plaintiff alleges that on or about September 5, 2017, defendants' BILL DE BLASIO and DARCEL A. CLARK met to discuss dismissing the case against Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez despite 'credible' evidence he's implicated in the shooting Mr. Shawn Nardoni and other uncharged felony crimes for their own pecuniary interests.

336. Plaintiff alleges that defendants' BILL DE BLASIO and DARCEL D. CLARK

were more interested in ensuring the return of bail monies to The Robert F. Kennedy Human

Rights as organization than protecting the residents of Bronx County from the reign of Mr.   Mr.

Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez.

337.   Plaintiff alleges that on or about September 6, 2017, defendant DARCEL A.

CLARK dismissed the case against Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez

despite 'credible' evidence of he was implicated in the shooting Mr. Shawn Nardoni for her and

defendant BILL DE BLASIO'S own pecuniary interests.

338.   Plaintiff alleges on or about September 6, 2017, defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

published a 'false' 'reckless' and 'malicious' news story about him entitled: Charges dropped

against Mr. Pedro Hernandez aka Pablo 'BigBank Pablo' Hernandez, as investigation opens into

wrongdoing against him.

339.   Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "Now, I've uncovered 49 other cases," Gomez said, in

which "Detectives Terrell and Brady falsified their cases, and I'm going to get their cases

overturned."

340.   Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "District Attorney Clark referenced complaints against them in her statement about her dropping charges against Hernandez."

341.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and 'maliciously' communicated to the public "I also will not tolerate misconduct by law enforcement," she wrote. "The Public Integrity Bureau is investigating allegations related to this matter and will go wherever the evidence leads it."

342.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and 'maliciously' damaged his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

343.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image, professional reputation, financial and pecuniary interests for their own pecuniary gain due to his race.

344. Plaintiff alleges that on or about September 14, 2017, he through counsel sent a letter to defendant JAMES P. O'NEILL demanding an immediate reinstatement to 'Fully Duty' status and transferred consistent with the assignments of the other similarly situated Caucasian members of the service 'falsely' accused.

345. Plaintiff alleges that he referring to Detective Brady and Sergeant Uruci.

346. Plaintiff alleges that defendant JAMES P. O'NEILL never responded to his demand.

347. Plaintiff alleges that on or about October 4, 2017, Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi filed a 'frivolous' amended federal complaint on behalf of Mr. Jamel Swinton member of the gang-related criminal enterprise The B-Road Goons in the United States District Court for the Southern District of New York, Docket No.: 17 cv 1137 in violation of Rule 11 of the Federal Rules of Civil Procedure.

348. Plaintiff alleges that Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi when filed, the 'frivolous' amended federal complaint on behalf of Mr. Jamel Swinton is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

349. Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Jamel Swinton and therefore, not present for all of these 'false' assertions filed in the amended federal complaint

filed by Wylie Stecklow of Stecklow & Thompson and Cary London of London Indrusi on behalf of Mr. Jamel Swinton.

350. Plaintiff alleges that on or about October 5, 2017, he filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission against defendant THE CITY OF NEW YORK alleging its management failure to protect the terms and conditions of his employment for their own pecuniary gain and failure to promote him to Detective Third, Second and First Grade.

351. Plaintiff alleges that on or about October 5, 2017, he asserted his First Amendment right to complain through the media about defendant THE CITY OF NEW YORK and its management failure to protect the terms and conditions of his employment for their own pecuniary gain and failure to promote him to Detective Third, Second and First Grade.

352. Plaintiff alleges that on or about November 6, 2017, Mr. Salim Wilson member of the Sex, Money, Murder Crew was charged with the shooting death of friend, decedent Mr. Julio Velasquez regarding a purported dispute over the receipt of pre-settlement monies from defendant LAW CASH, LLC.

353. Plaintiff alleges that on or about January 19, 2018, defendants' THE CITY OF NEW YORK and DARCEL D. CLARK charged Crime Analyst Crystal Rivera with misconduct related to her 'personal' relationship with him.

354. Plaintiff alleges that on or about February 9, 2018, defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC filed a 'frivolous' amended federal complaint on behalf of Mr. Shawn Nardoni member of the gang-related criminal enterprise The B-Road Crew in the United States

District Court for the Southern District of New York, Docket No.: 17 cv 2695 in violation of Rule 11 of the Federal Rules of Civil Procedure.

355. Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC when filed, the 'frivolous' amended federal complaint on behalf of Mr. Shawn Nardoni is 'false' designed to defraud he, the taxpayers and other stakeholders to recover 'bogus' legal fees, settlements and other remedies aka "Clean Money Crimes.'

356. Plaintiff alleges that official department records including the Activity Log and CityTime Payroll records maintained by defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL supports that he had 'no personal involvement' with Mr. Shawn Nardoni and therefore, not present for all of these 'false' assertions in the amended federal complaint filed by defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA with the assistance of defendants' BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC on behalf of Mr. Shawn Nardoni.

357. Plaintiff alleges defendants' THE CITY OF NEW YORK; DARCEL D. CLARK; and WANDA PEREZ-MALDONADO racially harassed and retaliated against Crime Analyst Crystal Rivera for exercising her First Amendment right of freedom of association with him; for re-buffing the incompetence, serious misconduct and unethical practices of the Office of the Bronx District Attorney and for failing to cooperate with a 'baseless' 'racially' charged criminal investigation against him.

358. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

359.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

360.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "Evidence amassed by Hernandez's private

investigator, Manuel Gomez, indicates that two detectives, David Terrell and Daniel Brady,

worked with an assistant district attorney, David Slott, to initially get victims and witnesses to

claim Hernandez attempted to commit murder."

361.    Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD with the assistance of defendants' NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC 'falsely' 'recklessly' and

'maliciously' communicated to the public "Again, it's not just Pedro," Gomez told PIX11 News.

"This now has exposed so many other kids. I've got 50 other kids that are in [Rikers], innocent,

that have been incarcerated by this district attorney's office, and by those corrupt detectives. I've

got a big battle ahead of me."

362. Plaintiff alleges that defendants' TRIBUNE BROADCASTING, LLC; JOHN

DOE 2 and JAMES FORD in support of defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S 'Clean Money Crime'

campaign to defraud he, the taxpayers and other stakeholders 'falsely' 'recklessly' and

'maliciously' damaged his public image, professional reputation, financial and pecuniary

interests for their own pecuniary gain due to his race.

363. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL and DARCEL A. CLARK knew defendants' TRIBUNE

BROADCASTING, LLC; JOHN DOE 2 and JAMES FORD with the assistance of defendants'

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

communicated 'false' information about him to the public but, failed to protect his public image,

professional reputation, financial and pecuniary interests for their own pecuniary gain due to his

race.

364. Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL;

DARCEL A. CLARK; WANDA PEREZ-MALDONADO; NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S violated his legal rights

due to his race.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### INTERFERE WITH PERFORMANCE OF CONTRACT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

365.    Plaintiff re-alleges Paragraphs 1 through 364 and incorporates them by reference as Paragraphs 1

through 364 of Count I of this Complaint.

366.    Plaintiff alleges that by the aforesaid acts of defendants' NBCUNIVERSAL

MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC;

JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a

MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA,

ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE

INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC intentionally interfered

with his right to make and enforce contracts under the color of state law due to his race.

367.    Plaintiff alleges that the purpose of defendants' NBCUNIVERSAL MEDIA,

LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2;

JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE

3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA

NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL

GOMEZ and LAW CASH, LLC in so acting was to prevent him, through economic and psychological intimidation, from seeking the equal protection of the laws.

368.    Plaintiff alleges that pursuant to their conduct, defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC acted to deprive him of his civil rights.

369.    Plaintiff alleges that as a result of the aforesaid acts, he sustained damages to his public image, professional reputation, financial and pecuniary interests.

**COUNT II**
**FREEDOM OF SPEECH – RETALIATION**
**IN VIOLATION OF**
**THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

370.    Plaintiff re-alleges Paragraphs 1 through 369 and incorporates them by reference as Paragraphs 1 through 369 of Count II of this Complaint.

371.    Plaintiff defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO and their agents interfered with his right to freedom of speech and freedom of expression.

372.    Plaintiff alleges he engaged in constitutionally protected speech and expression by alleging defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO failing to offer extra-legal job protections or individual conflict free legal counsel (See Dunton v. County of Suffolk, et al. 580 F. Supp. 974 E.D.N.Y. 1983 and S. Rodick, The Attorney/Client Relationship and 42 U.S.C. § 1983: The

Impact of Owen v. City of Independence, 14 John Marshall L.Rev. 285 (1981)), failing to protect

him from the 'Clean Money Crime' campaign to defraud he, the taxpayers and other

stakeholders, failure to promote him to Detective First Grade and 'falsely,' 'recklessly' and

'maliciously' damaging his public image, professional reputation, financial and pecuniary

interests for their own pecuniary interests due to his race.

373.    Plaintiff alleges he suffered retaliatory actions by defendants' BILL DE BLASIO; THE CITY

OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-

MALDONADO and their agents' causing him to remain on 'Modified Duty' and failure to promote

him to Detective First Grade.

374.    Plaintiff alleges the protected speech was a "motivating factor" in the retaliatory

actions.

375.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO and

their agents' actions caused him to sustain damages to his public image, professional reputation,

financial and pecuniary interests.

## COUNT III
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

376.    Plaintiff re-alleges Paragraphs 1 through 375 and incorporates them by reference as Paragraphs 1

through 375 of Count III of this Complaint.

377.    Plaintiff alleges that defendants' BILL DE BLASIO; JAMES P. O'NEILL;

DARCEL A. CLARK and WANDA PEREZ-MALDONADO under color of law, personally

interfered with and deprived him of his constitutional rights because of his race.

378.    Plaintiff alleges he engaged in constitutionally protected speech and expression by alleging

defendants' BILL DE BLASIO; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA

PEREZ-MALDONADO offer extra-legal job protections or individual conflict free legal counsel

(See Dunton v. County of Suffolk, et al. 580 F. Supp. 974 E.D.N.Y. 1983 and S. Rodick, The

Attorney/Client Relationship and 42 U.S.C. § 1983: The Impact of Owen v. City of

Independence, 14 John Marshall L.Rev. 285 (1981)), failing to protect him from the 'Clean

Money Crime' campaign to defraud he, the taxpayers and other stakeholders, failure to promote

him to Detective First Grade and 'falsely,' 'recklessly' and 'maliciously' damaging his public

image, professional reputation, financial and pecuniary interests for their own pecuniary interests

due to his race.

379.    Plaintiff alleges that defendants' BILL DE BLASIO; JAMES P. O'NEILL; DARCEL A.

CLARK and WANDA PEREZ-MALDONADO under color of law, caused him to sustain

damages to his public image, professional reputation, financial and pecuniary interests.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

380.    Plaintiff re-alleges Paragraphs 1 through 379 and incorporates them by reference as Paragraphs 1

through 379 of Count IV of this Complaint.

381.    Plaintiff alleges that defendants' BILL DE BLASIO; JAMES P. O'NEILL;

DARCEL A. CLARK and WANDA PEREZ-MALDONADO acting individually and in their

official capacities as a public officials of defendant THE CITY OF NEW YORK under color of

law, and having been fully advised that he was being deprived of his constitutional rights, either

acted in a concerted, malicious intentional pattern to retaliate against him for opposing race

discrimination and filing such complaints with the United States Equal Employment Opportunity

Commission and the public.

382. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW

YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO

under color of law caused him to sustain damages to his public image, professional reputation,

financial and pecuniary interests.

**COUNT V**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

383. Plaintiff re-alleges Paragraphs 1 through 382 and incorporates them by reference as Paragraphs 1

through 382 of Count V of this Complaint.

384. Plaintiff alleges defendant THE CITY OF NEW YORK caused his injuries.

385. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were taken

under color of law.

386. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his

constitutional and statutory rights.

387. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions are causally

related to his injuries.

388. Plaintiff alleges that the defendant THE CITY OF NEW YORK official policies

of failing to offer extra-legal job protections or individual conflict free legal counsel (See Dunton

v. County of Suffolk, et al. 580 F. Supp. 974 E.D.N.Y. 1983 and S. Rodick, The Attorney/Client

Relationship and 42 U.S.C. § 1983: The Impact of Owen v. City of Independence, 14 John

Marshall L.Rev. 285 (1981)), failing to protect him from the 'Clean Money Crime' campaign to

defraud he, the taxpayers and other stakeholders, failure to promote him to Detective First Grade

and 'falsely,' 'recklessly' and 'maliciously' damaging his public image, professional reputation,

financial and pecuniary interests for their own pecuniary interests due to his race.

## COUNT VI
## CONSPIRACY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

389.    Plaintiff re-alleges Paragraphs 1 through 388 and incorporates them by reference as Paragraphs 1 through 388 of Count VI of this Complaint.

390.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC under color of law, personally interfered with and deprived him of his constitutional rights due to race.

391.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC acted individually or in collusion with one another to deprive him of his constitutional right to defend himself against the 'Clean Money Crime' campaign to defraud he, the taxpayers and other stakeholders, interfere with his ability to secure his pension rights, to be promoted to Detective First Grade and 'falsely,' 'recklessly' and 'maliciously' damaging his public image, professional reputation, financial and pecuniary interests for their own pecuniary interests due to his race.

392.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;
JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY
SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN
SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW
CASH, LLC caused him to sustain damages to his public image, professional reputation,
financial and pecuniary interests.

**COUNT VII**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

393.    Plaintiff re-alleges Paragraphs 1 through 392 and incorporates them by reference as Paragraphs 1
through 392 of Count VII of this Complaint.

394.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to
discriminate against any individual in the terms, conditions, or privileges of employment because
of their race.

395.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW
YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO
discriminated against him because of his race.

396.    Plaintiff alleges that as a direct and proximate result of the unlawful employment
practices of defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL;
DARCEL A. CLARK and WANDA PEREZ-MALDONADO, he suffered the indignity of race
discrimination and great humiliation.

397.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW
YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO'S
violations caused him to sustain damages to his public image, professional reputation, financial

and pecuniary interests.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

398.    Plaintiff re-alleges Paragraphs 1 through 397 and incorporates them by reference as Paragraphs 1 through 397 of Count VIII of this Complaint.

399.    Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

400.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

401.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO engaged in various retaliatory actions against him as a result of his opposition to race discrimination and for filing such complaints with the United States Equal Employment Opportunity Commission and the public.

402.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO, he suffered the indignity of race discrimination and great humiliation.

403.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO'S violations caused him to sustain damages to his public image, professional reputation, financial and pecuniary interests.

## COUNT IX
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

404.    Plaintiff re-alleges Paragraphs 1 through 403 and incorporates them by reference as Paragraphs 1 through 403 of Count IX of this Complaint.

405.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

406.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO discriminated against him because of his race.

407.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO, he suffered the indignity of race discrimination and great humiliation.

408.    Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO'S violations caused him to sustain damages to his public image, professional reputation, financial and pecuniary interests.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

409.    Plaintiff re-alleges Paragraphs 1 through 408 and incorporates them by reference as Paragraphs 1 through 408 of Count X of this Complaint.

410. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

411. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

412. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO engaged in various retaliatory actions against him as a result of his opposition to race discrimination and for filing such complaints with the United States Equal Employment Opportunity Commission and the public.

413. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO, he suffered the indignity of race discrimination and great humiliation.

414. Plaintiff alleges that defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK and WANDA PEREZ-MALDONADO'S violations caused him to sustain damages to his public image, professional reputation, financial and pecuniary interests.

**COUNT XI**
**MISCONDUCT BY ATTORNEYS**
**IN VIOLATION OF**
**NEW YORK STATE JUDICIARY LAW § 487**

415. Plaintiff re-alleges Paragraphs 1 through 414 and incorporates them by reference as Paragraphs 1 through 414 of Count XI of this Complaint.

416. Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES;

CHUKWUEMEKA NWOKORO and JOHN SCOLA are guilty of deceit or collusion, with intent to deceive the court and client.

417.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA engaged in a course of deceitful conduct filing 'false' legal claims against he, the taxpayers and other stakeholders on behalf of gang-related criminal enterprises such as The Hill Top Crew, The Lyman Place Crew, B-Road Goons and Sex, Money and Murder Crew, The Little Wash Side Crew and The 20 Block Crew.

418.    Plaintiff alleges that defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA are guilty of a misdemeanor under the penal law and therefore, liable for treble damages in his favor.

## COUNT XII
## DEFAMATION AND LIBEL PER SE

419.    Plaintiff re-alleges Paragraphs 1 through 418 and incorporates them by reference as Paragraphs 1 through 418 of Count XII of this Complaint.

420.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC either published, or caused to be published, defamatory statements about him.

421.    Plaintiff alleges that these defamatory statements include a 'Terrorist' 'Monster Cop' or the 'Most Corrupt Cop'

422.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC published or caused to be published defamatory statements to the public through

their platforms their print, broadcast and online versions, as well as its affiliates and media

partners from mid-2016, and continue to be replicated throughout the world to this day.

423.    Plaintiff alleges that the defamatory statements are 'false' and defendants'

NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1; SARAH WALLACE; TRIBUNE

BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY DOW; A MEDIUM

CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY SHAUN KING;

NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA;

BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC

were aware but, 'maliciously' chose to publish or caused to be published such defamatory

statements anyway.

424.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC'S defamatory statements constitute defamation and/or libel *per se* because they

impugn his honesty, trustworthiness, dependability and his personal and professional reputation.

425.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLC'S actions damaged his reputation in the law enforcement community and

communities of color.

426.    Plaintiff alleges that defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE

1; SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD;

JAY DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3; JEFFREY

SHAUN KING; NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN

SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW

CASH, LLCS defamatory statements have caused him to sustain damages to his public image,

professional reputation, financial and pecuniary interests.

## JURY TRIAL

427.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

## MEDIA DEFENDANTS'

For a declaration that Defendants' NBCUNIVERSAL MEDIA, LLC; JOHN DOE 1;

SARAH WALLACE; TRIBUNE BROADCASTING, LLC; JOHN DOE 2; JAMES FORD; JAY

DOW; A MEDIUM CORPORATION d/b/a MEDIUM.COM; JOHN DOE 3 and JEFFREY

SHAUN KING'S actions, policies, and practices as alleged herein are unlawful:

- For Defendants' jointly and severally, to pay compensatory damages for the Interference With Performance of Contract and Conspiracy, in an amount to be determined at trial;

- For Defendants' jointly and severally, to pay compensatory damages for Defamation and Libel Per se: Traditional Channels of Delivery this includes affiliated relationships (Television, Radio and Print): $1,000 per viewer or listener as measured by Nielsen or similar reliable data analytics company; Owned Website(s) Channels of Delivery this includes affiliated relationships: Page View: $1,000 per view and Time on Page: $300 per minute as measured by Google Analytics or similar reliable data analytics company and Social Media Channels of Delivery this includes affiliated relationships (Facebook, Twitter, Instagram, etc.): Post View: $1,000 per view, this includes shares, likes and/or other similar social responses and $300 per impression as measured by each social media dashboard;

- For Defendants' jointly and severally, to pay punitive damages in an amount be determined at trial;

- For Defendants' jointly and severally, to pay interest on compensatory damages including pre- and post-judgment interest and an upward adjustment for inflation;

- For Defendants' jointly and severally, to pay for an online reputation management professional service such as reputation.com to 'sanitize' the worldwide web of all references to published content distributed through them and their affiliated partners related to these matters;

- For Defendants' jointly and severally, to 'sanitize' its Traditional, Owned Website(s) and Social Media Channels of Delivery this includes affiliated relationships to remove and destroy all content published or unpublished of content related to these matters;

- For Defendants' jointly and severally, precluded from further distribution of content related to these matters through its Traditional, Owned Website(s) and Social Media Channels of Delivery;

- For Defendants jointly and severally, for such other and further relief as this Court deems just and proper.

### CITY DEFENDANTS'

For a declaration that Defendants' BILL DE BLASIO; THE CITY OF NEW YORK; JAMES P. O'NEILL; DARCEL A. CLARK; WANDA PEREZ-MALDONADO'S actions, policies, and practices as alleged herein are unlawful:

- For Defendants' jointly and severally, to pay compensatory damages for First Amendment – Retaliation, Race Discrimination, Retaliation and Monell, in an amount to be determined at trial;

- For Defendants' jointly and severally, to pay punitive damages in an amount be determined at trial;

- For Defendants' jointly and severally, to pay interest on compensatory damages including pre- and post-judgment interest and an upward adjustment for inflation; and

- For Defendants jointly and severally, for such other and further relief as this Court deems just and proper.

## PROFESSIONAL SERVICES DEFENDANTS'

For a declaration that Defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO; JOHN SCOLA; BLACK OPS PRIVATE INVESTIGATORS, INC.; MANUEL GOMEZ and LAW CASH, LLC'S actions, policies, and practices as alleged herein are unlawful:

- For Defendants' jointly and severally, to pay compensatory damages for the Interference With Performance of Contract and Conspiracy, in an amount to be determined at trial;

- For Defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA jointly and severally, to pay compensatory damages for Misconduct By Attorneys, in an amount to be determined at trial;

- For Defendants' jointly and severally, to pay compensatory damages for Defamation and Libel Per se: Traditional Channels of Delivery this includes affiliated relationships (Television, Radio and Print): $1,000 per viewer or listener as measured by Nielsen or similar reliable data analytics company; Owned Website(s) Channels of Delivery this includes affiliated relationships: Page View: $1,000 per view and Time on Page: $300 per minute as measured by Google Analytics or similar reliable data analytics company and Social Media Channels of Delivery this includes affiliated relationships (Facebook, Twitter, Instagram, etc.): Post View: $1,000 per view, this includes shares, likes and/or other similar social responses and $300 per impression as measured by each social media dashboard;

- For Defendants' jointly and severally, to pay punitive damages in an amount be determined at trial;

- For Defendants' NWOKORO & SCOLA, ESQUIRES; CHUKWUEMEKA NWOKORO and JOHN SCOLA jointly and severally, to pay treble damages for Misconduct By Attorneys, in an amount to be determined at trial;

- For Defendants' jointly and severally, to pay interest on compensatory damages including pre- and post-judgment interest and an upward adjustment for inflation;

- For Defendants' jointly and severally, to pay for an online reputation management professional service such as reputation.com to 'sanitize' the worldwide web of all references to published content distributed through them and their affiliated partners related to these matters;

- For Defendants' jointly and severally, to 'sanitize' its Traditional, Owned Website(s) and Social Media Channels of Delivery this includes affiliated relationships to remove and destroy all content published or unpublished of content related to these matters;

- For Defendants' jointly and severally, precluded from further distribution of content related to these matters through its Traditional, Owned Website(s) and Social Media Channels of Delivery;

- For Defendants jointly and severally, for such other and further relief as this Court deems just and proper.

Dated: April 21, 2018
New York, NY

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com