FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 16 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DAVID TERRELL,

                Plaintiff,

                -against-

NBC UNIVERSAL MEDIA LLC, et al.,

                Defendants.

------------------------------------------------------------ x

**ORDER**

18-cv-2354 (NG)(RLM)

**GERSHON, United States District Judge:**

This civil rights action was filed on April 22, 2018. Two of the defendants, Manuel Gomez and Black Ops Private Investigators, Inc. ("BOPI"), now move to dismiss the claims against them for failure to effectuate service of process pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). On April 25, 2019, the court set a briefing schedule for this motion, which required plaintiff to serve his opposition to defendants' motion by June 14, 2019. Plaintiff never served an opposition on defendants, nor did he request additional time to do so from the court. Accordingly, defendants' motion is unopposed.[1]

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period." *Id.* Rule 12(b)(5) permits a party to move to dismiss for insufficient service of process.

---

[1] The other defendants in this action have moved to dismiss the complaint under Rule 12(b)(6). Plaintiff filed an opposition to those motions, which are pending before me.

When a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005). In considering a motion to dismiss for insufficient service of process, a court may consider matters outside the complaint. *Ramsaram v. Abraham*, 2017 WL 1194482, at *10 (S.D.N.Y. Mar. 30, 2017).

Mr. Gomez, the owner and sole employee of BOPI, submitted a declaration to the court stating that he was never served with the complaint and that he first learned about this lawsuit on February 25, 2019, when he was contacted by a lawyer for another defendant. A review of the docket corroborates Mr. Gomez's assertion that he was never served. Despite doing so for other defendants, plaintiff never filed proof of service for Mr. Gomez. I find that plaintiff has not met his burden to show that Mr. Gomez was properly served. I also find that, given his failure to respond to defendants' motion, plaintiff has not demonstrated that there was good cause for this failure such that he should be granted additional time to serve Mr. Gomez.

Plaintiff did file on the docket proof of service with regard to BOPI. A process server attests to having mailed, on July 30, 2018, the summons and complaint to Black Ops Private Investigations, Inc. "via USPS Certified Mail and Return Receipt Requested" to BOPI's registered agent's address listed on the New York Department of State website. Defendants argue that the service was defective in three respects. First, a corporation sued in federal court in New York may not be served by certified mail, return receipt requested. Second, the tracking information for the package indicates that the mailing was unclaimed and returned to sender in September 2018. Third, the letter was addressed to the wrong entity—Black Ops Private *Investigations*, not Black Ops Private *Investigators*. I am not persuaded that the minor error in the letter's address rendered service defective. *See Doe v. Constant*, 354 Fed. Appx. 543, 546

(2d Cir. 2009). But I agree with defendants that the service on BOPI by certified mail—especially since the mailing was returned to sender—was insufficient.

In federal court, a corporation may be served following the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A) (incorporating Fed. R. Civ. P. 4(e)(1)). Alternatively, a plaintiff may serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

"[S]ervice of a summons and complaint on a corporation by certified mail does not satisfy the requirements of Rule 4(h)(1) or New York Civil Practice Law and Rules ("CPLR")." *United States v. Calaman*, 2016 WL 8453343, at *5 (E.D.N.Y. Nov. 16, 2016); *see, e.g.*, *Morris v. N.Y. Gaming Comm'n*, 2019 WL 2423716, at *3 (W.D.N.Y. Mar. 14, 2019). The CPLR does allow for service by first class mail "as an alternative to personal service," but this method—similar to Federal Rule of Civil Procedure 4(d)'s waiver of service—requires simultaneous service of two copies of "a statement of service by mail and acknowledgment of receipt," along with a return, stamped envelope. N.Y. Civ. Prac. L. & R. § 312-a(a); *accord Calaman*, 2016 WL 8453343, at *5. "The signed acknowledgment of receipt [] constitute[s] proof of service." N.Y. Civ. Prac. L. & R. § 312-a(b). Here, there is no indication that plaintiff chose to use this alternative method of service, let alone employed it successfully. To the contrary, defendant has submitted evidence indicating that the package plaintiff sent to BOPI was returned to sender. Under these circumstances, plaintiff has not met his burden to show that he properly served BOPI and has not established good cause for his failure.

In sum, I agree with Mr. Gomez and BOPI that plaintiff failed to effectuate proper service on them.[2] The claims against these defendants are dismissed without prejudice.

SO ORDERED.

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

July 15, 2019
Brooklyn, New York

---

[2] Because plaintiff, by not responding to defendants' motion, has not even attempted to show good cause for his failure, I decline to exercise my discretion, in the absence of good cause, to extend plaintiff's time for service. *See Zapata v. City of N.Y.*, 502 F.3d 192, 196–98 (2d Cir. 2007) (citing *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 508–09 (2d Cir. 2006)) ("[B]efore we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect.").